FREEMAN v. ORTIZ.[†]

(Court of Civil Appeals of Texas. March 15, 1911. Rehearing Denied April 12, 1911.)

1. VENUE (§ 72*)—CHANGE OF VENUE—APPLICATION—ISSUES.

Where an application for a change of venue on the grounds and in the manner specified in Rev. St. 1895, art. 1271, is attacked by the adverse party on grounds stated and in the manner specified by article 1272, an issue is formed which the trial court must try.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 127; Dec. Dig. § 72.*]

2. VENUE (§ 42*)—CHANGE OF VENUE—APPLICATION.

Under Rev. St. 1895, art. 1271, authorizing a change of venue on the grounds of prejudice against the applicant and of combinations against him by influential persons, the court must grant the application when not contested; but, when contested in the manner prescribed by article 1272, the court is vested with discretion in determining from the evidence the existence or nonexistence of such grounds.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 64; Dec. Dig. § 42.*]

3. VENUE (§ 68*)—APPEAL AND ERROR (§ 523*)—APPLICATION FOR CHANGE OF VENUE—EVIDENCE.

The court, on a contested application for a change of venue, on the grounds of the prejudice of the inhabitants and of combinations against the applicant, may consider the evidence received on a prior application in another case by the same party at the same term of court on the same grounds presented by the same counsel, and dispose of the application on such evidence, on it appearing that no new evidence will be offered on the present application,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error granted by Supreme Court.

and the court may make such evidence a part of the bill of exceptions in explanation of his denial of the application, so as to enable the court on appeal to determine the correctness of the ruling.

[Ed. Note.—For other cases, see Venue, Dec. Dig. § 68;* Appeal and Error, Dec. Dig. § 523.*]

4. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

5. DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

Where a section hand, injured by a hand car falling on him, sustained very painful injuries of a permanent character and such as to render him a cripple for life, and to materially diminish his earning capacity, a verdict for $12,000, reduced by the trial court to $6,000, was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385; Dec. Dig. § 132.*]

6. APPEAL AND ERROR (§ 1140*)—REVIEW—EXCESSIVE DAMAGES—POWER TO REDUCE.

Where a verdict in an action for personal injuries as reduced by the trial judge is excessive, the court on appeal may require a further remittitur as a condition of denying a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4478; Dec. Dig. § 1140.*]

7. TRIAL (§ 250*)—INSTRUCTIONS—ISSUES.

A charge submitting an issue not raised by the pleadings or evidence is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by Felix Ortiz against T. J. Freeman, receiver of the International & Great Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

King & Morris, Hicks & Hicks, and F. C. Davis, for appellant. Anderson & Belden, Perry J. Lewis, and H. C. Carter, for appellee.

NEILL, J. This suit was brought by Ortiz against T. J. Freeman, as receiver of the International & Great Northern Railroad Company, to recover $20,000 damages for personal injuries inflicted by the defendant while in his employ as a section hand.

The plaintiff's first amended original petition, on which the case was tried, alleges substantially: That on December 28, 1908, while in the employ of defendant as a section hand, in discharge of his duty with other section hands under the control of defendant's foreman, in the course of operating a hand car, it became his duty to assist in lifting and placing the car on the road track, and in the performance of such duty he took hold of one of its handles, which,

by reason of its defective condition failed and gave way, causing the end of the hand car which he was lifting to fall with great force on his left leg, knee, and foot, thereby seriously and permanently injuring him; that the hand car was old and defective, and the handle thereof, which gave way while plaintiff was lifting, was defective and insecurely fastened and so weak that it could not sustain the strain that was placed upon it in lifting the car; that defendant was negligent in furnishing a car with such defective handle, and in failing to inspect it so as to discover the defects thereof in its handles which, by the exercise of due care, would have been discovered; and that the defective handle directly caused plaintiff's injuries, without any fault on his part, and that he did not know of such defect until after he was injured. The petition, by appropriate allegations, avers specifically the nature and character of plaintiff's injuries and the amount of damages sustained by him in consequence.

The defendant answered by general and special exceptions, pleas of contributory negligence, and assumed risk. The receiver made an application for a change of venue. The exceptions to plaintiff's petition and the application for a change of venue were overruled, the case tried before a jury, who returned a verdict in favor of plaintiff for $12,000, upon which judgment was entered. But, upon considering defendant's motion for a new trial, the court required the plaintiff to enter a remittitur of $6,000, reducing the judgment from twelve to six thousand dollars. From the judgment as thus reduced, this appeal is prosecuted.

Before considering those assignments of error which relate to questions affecting the merits of the case, we will consider the one which complains of the action of the court upon defendant's application for a change of venue, for it may be that our conclusion upon it will pretermit, or render improper, a consideration of the others.

The application embraces the three grounds embodied in article 1271, Rev. St. 1895, setting them forth in the very language of the statute, and was made in strict conformity with said article. The application was attacked and contested by the plaintiff in the manner prescribed by the next succeeding article upon the grounds: (1) That there does not exist in Bexar county so great a prejudice against the defendant Freeman, as receiver of the International & Great Northern Railroad Company, nor said company, as would prevent a fair and impartial trial; (2) that there is no combination against said receiver or against said railroad company in Bexar county instigated by influential persons which would prevent a fair and impartial trial; (3) that there are no good and sufficient reasons existing which would

prevent a fair and impartial trial of this case; (4) that the persons who have signed defendant's application for a change of venue, viz., W. L. Holder, G. A. Duerler, Jr., James Caruthers, and Louis Bergstrom, are not competent persons within the meaning of the law, in that Holder is the agent and employé of defendant and Caruthers is likewise his employé, and are prejudiced against personal injury litigation, and that Duerler and Bergstrom have been heretofore involved and interested against the allowance of damages in personal injury suits and are greatly prejudiced against such litigation and for such reasons none of said persons is a credible and competent compurgator within the meaning of the statute, and are therefore incompetent to act in such capacity; and (5) that none of said compurgators is sufficiently acquainted with the jurors of Bexar county to know of the existence of the prejudice averred, and none has the knowledge of any combination of influential persons against the defendant which would prevent a fair and impartial trial, and that the means of knowledge of said compurgators is wholly insufficient to base an opinion upon either prejudice or combination, and that the matters stated by them are absolutely untrue.

The contest, after being duly sworn to by the plaintiff, has attached to it the affidavit of 11 citizens of Bexar county, which is substantially as follows: "That they are acquainted with the citizenship of Bexar county, and are reasonably well acquainted with the qualified jurors of Bexar county and the general sentiment of said jurors for fairness and impartiality, and on their oaths each * * * states that there is no prejudice existing in Bexar county against T. J. Freeman, receiver of the International & Great Northern Railroad Company or against said railroad company, that would prevent a fair and impartial trial, and further that there does not exist in Bexar county a combination against said receiver, or said railroad, instigated by influential persons, that would prevent a fair and impartial trial, and further that there are no good and sufficient reasons why T. J. Freeman, receiver of the International & Great Northern Railroad Company cannot receive a fair and impartial trial in Bexar county. That there are thousands of qualified jurors in Bexar county who are absolutely fair-minded and free from prejudice, and who have no prejudice against the said T. J. Freeman, receiver of the International & Great Northern Railroad Company, or against the said International & Great Northern Railroad Company, and that there are thousands of such jurors who are easily obtainable, who would give the defendant in this cause a fair and impartial trial."

Upon defendant's application being presented to the court, the judge thereof stated to defendant's counsel that he would not hear evidence in behalf of defendant in support of said application for a change of venue. Thereupon defendant's counsel stated to the court that they desired to present witnesses in support of said application and tendered the same, whereupon the judge stated to counsel for both parties that he would not hear any evidence on said application, and that it was unnecessary to present witnesses to sustain the same; and further stated to counsel for defendant that he would not hear any testimony from any witnesses, either in support of or against the application, but would consider it without hearing testimony upon it; and then proceeded to consider the application and reply of defendant, and, without hearing evidence, deny and overrule said application, and directed the cause to proceed to trial on the facts. To the action of the court in refusing to hear evidence in support of the application and to allow defendant to introduce evidence in support thereof, and in considering the same without hearing evidence in support thereof, and in denying and overruling the application, the defendant excepted and reserved his bill of exceptions. The bill of exceptions was approved in so far as consistent with certain qualifications made and appended to the same by the court.

The substance of the qualification is that: "On April 11, 1910, at the same term of the court at which this case was tried, the same defendant, through the same counsel as appear in this case, in cause No. 21,850, entitled H. J. Cleary v. T. J. Freeman, Receiver of the International & Great Northern Railroad Company, presented a like motion, on the same grounds as were presented in this case, and on said date the court entered upon a full hearing of said motion, allowing full latitude and all the time that was desired to fully develop the evidence upon said motion, three days being consumed in the hearing of evidence upon said motion, and 21 witnesses were examined in behalf of the defendant's motion. The evidence upon said motion at said hearing, in my opinion, utterly failed to sustain the motion, and I overruled it. All the proceedings and testimony at said hearing in the Cleary case, upon which I acted, are as follows: (It is distinctly understood that the evidence as offered in the Cleary case, and which is attached to this bill, was not formally, or otherwise, offered by either party to this suit.)" Here follow the full proceedings had on the motion in the Cleary case, including the evidence heard thereon, taking up 65 pages of the record. The qualification of the bill of exceptions then proceeds as follows: "Nothing was said by the defendant to the court whether the testimony would be the same or different in this case from the Cleary case, and I did not think that the law required me to take up the time of the court going over the same evidence which had been heard only a few days before at

this term, when presented by the same defendant represented by the same counsel. And, again, in the discharge of my judicial duties, I have had good opportunity to acquire information upon issues presented in the motion for a change of venue, and by reason of this knowledge I am of opinion that there does not exist any lawful reason for granting the change of venue as prayed for in this motion. And, again, in this case a panel of jurors were tendered to the parties, which had been duly selected from the jury wheel, and each one of the panel from which the jury which tried the case was selected was separately asked if he had any prejudice against T. J. Freeman, receiver, and the International & Great Northern Railroad Company, and under oath each one of said jurors said that they had no prejudice against T. J. Freeman, receiver, or the International & Great Northern Railroad Company, and that they could render a fair and impartial verdict in the case. On this record and my own knowledge of the situation, I overruled the motion for a change of venue and thereafter overruled the motion for a new trial."

Did the trial court err in refusing to hear evidence offered by defendant in support of his application, and in considering and overruling the same without hearing the evidence so offered?

The purpose of a change of venue is that the parties to a suit may obtain a fair and impartial trial, for a judgment obtained without such a trial is a travesty upon justice and, if upheld, a disgrace to the law. Hence a change of venue is authorized upon proper application by a party to a suit: (1) When there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial. (2) When there is a combination against him, instigated by influential persons, by reason of which he cannot expect a fair and impartial trial. (3) And for other good and sufficient cause, to be determined by the court. Article 1271, Rev. St. 1895.

The next succeeding article provides that: "Where application for a change of venue is made in conformity to the requirements of the preceding article, the same shall be granted unless the credibility of the persons making the application for a change of venue, or their means of knowledge, or the truth of the facts set out in the said application, are attacked by the affidavit of a credible person; and if such application is thus attacked, the issue thus formed shall be tried by the judge, and the application granted or refused, as the law and the facts shall warrant."

It is apparent from the bill of exceptions, as explained and qualified by the trial court, an application for a change of venue was made by defendant upon the three grounds stated in first article and in strict accordance with it, and that the application was attacked by the plaintiff upon the grounds stated, and in the manner prescribed by the other. [1] Hence an issue was thus formed, which was required to be tried by the judge. Did the judge try such issue and refuse the application as the law and facts warranted? If yea, that ends the matter; if nay, its judgment, for that reason, should be reversed.

A number of statutes authorizing a change of venue upon a prescribed showing are construed to be mandatory and to entitle the applicant, upon a strict compliance with their provisions, to the change as of right. 4 Ency. Plead. & Prac. 440. [2] This, as to the first two grounds under our statute, when the application is not contested in the manner prescribed, we apprehend should be the construction of our statute. But the court is *vested* with a *discretion* in those cases, where compliance with the statute does not of itself authorize the change, and the evidence as to the existence or nonexistence of the ground relied on is conflicting, or where by statute the court is required to be satisfied that good cause for the change exists. However, the discretion required to be exercised is a sound legal discretion, and not mere arbitrary action resting upon whim, caprice, or bias. Ency. Pl. & Prac. 442, 3.

The third ground prescribed by article 1271 falls strictly within this discretionary rule; for under that ground the trial judge must determine what is other "good and sufficient cause," as well as decide whether it actually exists. But when the first two causes, or either of them, are contested in the manner prescribed, we apprehend the court is vested with a like discretion in determining from the evidence the existence or nonexistence of such grounds; for in the event of such contest the statute itself does not authorize the change of venue as a right. The existence or nonexistence of such ground must, of course, be determined from evidence in such manner and form as the trial judge may deem advisable or expedient, so that it is such as is reasonably adapted and pertinent to the issue involved.

It is apparent from the bill of exceptions that the refusal of the judge to hear evidence from either party on the application was predicated upon his own knowledge and upon the evidence in the Cleary Case, heard by him a few days before on a like motion made by the same defendant on identical grounds, which was evidently considered by him in refusing the change of venue in this case.

Without deciding whether a trial judge in determining a motion of this kind may take into consideration his personal knowledge of the existence of the grounds relied on, we will observe that it has been stated that: "Where the ground assigned for the change is local prejudice, * * * there appears to be no good reason why the judge should not be allowed to act within his own knowledge and observation" (Ency. Pl. & Prac. 447, 8),

though in the present case, if not in contravention of law, cogent reasons could be given for his acting on such knowledge and observation.

[3] However, the question which bothers us is whether a trial judge, in considering a motion of this character, can, without hearing evidence tendered in its support, take and consider evidence he heard a few days before at the same term of court, in another case upon a motion made by the same party for a change of venue on the same identical grounds, when he was represented by the same counsel, when it does not appear that the evidence tendered in the latter case would in any way differ from that heard on the prior motion. If such a question involved an issue that went to, or in any way affected, the merits of the case, we should unhesitatingly give it a negative answer for obvious reasons. But here the real merits of the case are not affected by such evidence. The fact to be determined can only affect a matter of procedure in determining whether the venue of the case shall be changed to another county for trial; the judge has in mind and before him in writing all the evidence the party making the motion offered and introduced a few days before in support of a motion precisely like it, in the same kind of case, in which he was represented by the same counsel; such evidence was deemed by the judge insufficient to warrant him in granting the motion; no intimation is made by defendant's counsel that the evidence he would offer on the issue would be different or of more probative force than that which he introduced on the prior motion; if the evidence offered is substantially the same (and it may be presumed it is), the judge knows his conclusion and action on the motion will be the same as it was on the other one; and hence he takes such evidence as introduced by the defendant on his motion, and from it concludes that defendant's motion for the change should be denied; and then appends it to the defendant's bill of exceptions, in explanation of his action, makes it a part of the record, as though it were evidence heard and considered on the motion in this case, in order that it may be determined on this appeal whether he erred, in view of such evidence, in overruling the defendant's motion. Hence the same end has been attained that would have been, had the judge consumed three days more in hearing, presumably, the same evidence, offered by the same party, by the same counsel, on the same issue. We must conclude that such action of the trial judge was, under the circumstances, eminently proper. If not, then a trial judge may be likened to a blind mule in a tanyard, treading the same weary round from day to day, without observation, without discretion, without volition, without a mind or will of his own. It was never contemplated by the law that any officer, not even a judge, should be placed in an attitude which would destroy the hope and render it impossible for him to discharge the duties he has sworn to perform. Viewing the matter from the standpoint of the trial judge, we hold that he did not err in denying the motion, and we overrule the assignment.

This brings us to the consideration of the case on its merits. The fourth and fifth assignments attack the sufficiency of the evidence to sustain the verdict and judgment. There is no controversy about the fact that plaintiff, while in the employ of defendant as a section hand, was injured by a hand car, which he and several of his fellow servants were lifting on the track, falling on him. [4] As to whether the handle of the car plaintiff was using in lifting was defective, as alleged in his petition, and by reason of such defect broke, causing the car to fall on him, the evidence was conflicting, and might have been decided by the jury in favor of either party, without an appellate court, after the verdict was approved by the trial judge, being authorized to disturb the finding. Hence on this disputed issue of fact we find in accordance with the verdict. The nature and extent of the injuries inflicted and the amount of damages suffered were also primarily questions for the jury to decide. [5] The evidence was sufficient to warrant a finding that the injuries sustained were very painful, of a permanent character, such as to render plaintiff a cripple for life and to materially diminish his earning capacity; and though he may not have been damaged as much as the jury found, the evidence is sufficient to support the amount adjudged after the remittitur was entered. [6] Even if it were still excessive, we could even now require a further remittitur (Railway v. Eckles, 25 Tex. Civ. App. 179, 60 S. W. 830), but we do not believe it is. There was no evidence tending to show negligence, either of plaintiff or a fellow servant, or that plaintiff's injuries resulted from a risk assumed by him. Hence we conclude that defendant was negligent in furnishing plaintiff with a defective hand car with which to do his work, and that such negligence was the sole and proximate cause of his injuries, and therefore overrule said assignments.

[7] Neither the pleadings nor the evidence raise such an issue as was sought by the special charge, the refusal of which is the subject of the sixth assignment, to have submitted to the jury. Therefore such charge was properly refused, and the assignment is overruled.

The seventh and eighth assignments complain of the denial of a new trial and refusing to set aside the verdict upon the ground that it is excessive. As in this state a remittitur may be required on an excessive verdict, it follows that the necessity of granting a new trial on the ground of such a verdict is obviated by the court's suggesting a remittitur, which, when complied with, reduces the judgment to a sum that is not excessive.

The judgment is affirmed.