EDWARD STRASBERGER, Appellant, v. FARMERS ELEVATOR COMPANY, Appellee.

**APPEAL AND ERROR:** Motion for New Trial. Appeals taken
1   after the expiration of six months from the rendition of judgment, but within six months after the overruling of a motion for new trial, will be confined, on review, to the errors specified in said motion.

**PRINCIPAL AND AGENT:** Authority—Evidence. The *general* authority of an agent may be inferred from evidence of the particular powers possessed by him.

**LANDLORD AND TENANT:** Lien—Waiver. A landlord who
3, 6   knows, through his authorized agent, that his tenant has sold rent-encumbered property, must, if he can, assert his lien prior to payment by the purchaser; and if he does not, he waives his lien.

**TRIAL:** Instructions—Applicability to Evidence. An instruction
4   correct as an abstract proposition, but non-applicable to any evidence in the record, is not *necessarily* prejudicial.

**LANDLORD AND TENANT:** Lien—Waiver. A landlord who agrees to waive his lien for rent, in order that the tenant may raise money by mortgage on the rent-encumbered property, may not, after the waiver is acted on, assert his lien on the property.

**LANDLORD AND TENANT:** Lien—Waiver.
3, 6

**TRIAL:** Instructions—Applicability to Evidence—Limiting Evidence. It is not necessarily prejudicial error to refuse an instruction which very properly limits the jury's consideration of certain evidence.

*Appeal from Linn District Court.*—John T. Moffit, Judge.

April 4, 1918.

Rehearing Denied June 27, 1918.

Action by a landlord to recover the value of property sold by the tenant, upon which plaintiff claims a landlord's lien. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Crissman & Linville,* for appellant.

*Voris & Haas* and *J. C. Leonard,* for appellee.

Stevens, J.—Plaintiff claims that C. G. Lanam, his tenant, sold some hogs to defendant upon which he had a landlord's lien for rent, and this action is brought to recover $560, with interest thereon at 6% from January 1, 1916, the balance alleged to be due him for rent. The two main defenses urged by the defendant were: (a) That plaintiff, prior to the purchase of the property in question, waived his landlord's lien thereon. The basis of this claim is that, on February 9, 1915, Lanam, with the knowledge and consent of plaintiff, executed a chattel mortgage thereon to the State Bank of Central City, to secure the payment of two notes, one for $503 and a second for $302; and that plaintiff, at the time, specifically waived his lien on said property. (b) That Ed Leclere, cashier of said bank, was the agent of

plaintiff, and knew of the sale of the hogs to defendant before the purchase price was paid; and that he refrained from notifying defendant of plaintiff's lien thereon, but, instead, consented to the payment thereof to Lanam, thereby estopping plaintiff from now 'asserting a lien on said property.

The execution of the notes and mortgage is admitted by plaintiff; but there is a conflict in the evidence as to the agency of Leclere, his knowledge of the sale of the hogs, and his consent to the payment of the purchase price to Lanam. Further necessary facts will be hereafter referred to in detail.

I. Something like thirty alleged errors are discussed by counsel for appellant. It is manifestly impossible to consider each in detail, without unreasonably extending this opinion.

1. APPEAL AND ERROR: motion for new trial.

Appeal was taken more than six months after the rendition of judgment, but within six months after plaintiff's motion for new trial was overruled. We are, therefore, limited to a consideration of the errors complained of in the motion for new trial. *Mueller Lbr. Co. v. McCaffrey*, 141 Iowa 730.

II. Certain evidence offered for the purpose of showing the alleged agency of Leclere was admitted over plaintiff's objections. Some of this evidence should have been excluded, but some of the questions offered

2. PRINCIPAL AND AGENT: authority: evidence.

elicited answers which did tend, to some extent, to throw light on the question of agency. *Fishbaugh v. Spunaugle*, 118 Iowa 337. In so far as the evidence offered did not relate to this question, it should have been excluded; but we are not inclined to reverse on account of its admission, as it could not have been prejudicial to the plaintiff.

III. Numerous exceptions are urged to the court's instructions. We do not deem it necessary to consider them

all in detail. In its instruction numbered 8, the court, in effect, stated that, if Ed Leclere was the agent of plaintiff, and knew of or consented to Lanam's selling the hogs in question to defendant, or if, after the hogs were sold, and before the same were paid for, he made no objection thereto, and failed to notify the defendant of plaintiff's lien, then plaintiff would be estopped from demanding payment from the defendant herein. The instruction finds support in *Wright v. E. M. Dickey Co.*, 83 Iowa 464.

**3. LANDLORD AND TENANT: lien: waiver.**

The specific exception urged to the instruction is that it fails to define estoppel, as applied to the facts in this case. The instruction does not purport in any way to define an estoppel, and was not intended to do so.

The eleventh instruction requested by counsel for plaintiff undertook to define an estoppel; but the definition there attempted, as applied to the facts in the case at bar, was erroneous, and the instruction was properly refused. No other request for an instruction upon this point was presented. The instruction is not open to the objection urged.

IV. The ninth instruction is complained of on the ground that it contained only an abstract proposition of law, and was applicable, if at all, only to facts not in controversy. There was some evidence upon which the instruction could possibly have been based, but there was not such conflict therein as to require the same to be given; but, as it is a substantially correct statement of the law, and related to a matter about which the jury could not well have been misled to plaintiff's prejudice, we are not disposed to reverse this case on account thereof.

**4. TRIAL: instructions: applicability to evidence.**

V. The instruction most vigorously assailed by counsel is the following:

"If you find from the evidence that the plaintiff agreed

to waive his landlord's lien in favor of the
5. LANDLORD AND
   TENANT:         Central City State Bank, in order that
   lien: waiver.
                   Lanam might borrow or secure money by a
chattel mortgage to the bank, and that a chattel mortgage
was executed pursuant thereto upon the property covered
by said chattel mortgage, and the property owned by the
tenant was used in the payment of said chattel mortgage,
then, as to all such property, the plaintiff waived his lien as
to third parties, and the plaintiff is not entitled to recover
from the defendant as purchaser."

The objection urged to this instruction is that same is
not applicable to the evidence offered upon the trial, and
fails to define waiver.

The chattel mortgage referred to was executed on Feb-
ruary 9, 1915, to secure two notes amounting to $805, $503
of which Lanam owed to the bank, and the balance to plain-
tiff. At the time of the execution of the mortgage, plaintiff
agreed to waive his landlord's lien upon the mortgaged prop-
erty, in favor of the mortgagee. All of the property sold by
Lanam to the defendant was covered by the mortgage, ex-
cept 43 shotes. The waiver referred to by the court in the
above instruction relates to the property covered by the
mortgage and used in payment of the mortgage indebted-
ness. Evidence was offered tending to show that Lanam
took the money received from defendant for the hogs and
shotes to Leclere, and expressed a willingness to apply same
on the note; but that he did not do so, and retained the same,
with the consent of Leclere.

Counsel for appellee contend that, under our holding in
*Farwell & Co. v. Stick, Kemp & Co.*, 96 Iowa 87, plaintiff
waived his landlord's lien, by making a chattel mortgage
superior to his lien, and permitting a sale of the property un-
der said mortgage. The instruction does not go that far;
and it is unnecessary for us to discuss, or pass upon, the
contention of counsel. Clearly, if the sale of the property

covered by the mortgage was with the knowledge and consent of the mortgagee,—and the evidence tends to show that at least payment was made therefor after he had knowledge thereof, and with his consent,—then plaintiff could not assert a landlord's lien thereon.

VI. Counsel for appellant contends that the plaintiff at no time waived his landlord's lien upon the 43 shotes sold to defendant, either by himself or agent. It is contended by counsel for appellee, and the evidence tended to show, that Leclere was, in fact, the agent of plaintiff, with authority to waive his lien on the shotes; and that he knew of the sale thereof to defendant before the purchase price was paid, and consented thereto; and that, in doing so, he was acting within the apparent scope of his authority as plaintiff's agent.

6. LANDLORD AND TENANT: lien: waiver.

It appears from the evidence herein that the plaintiff resided in Nebraska; that he seldom visited the farm in question; that all of the business pertaining to the leasing of the premises, the collection of the rent, making repairs, and matters generally pertaining to the leased premises, were looked after by Leclere. The facts are somewhat similar to those in *Fishbaugh v. Spunaugle,* supra. It is true, there is some conflict in the evidence as to the authority of Leclere; but the question was for the jury. There was ample evidence from which the agency of Leclere, together with his authority to waive the landlord's lien and consent to the payment of the purchase price to Lanam, may be inferred.

The mortgaged property was sold at public sale on the leased premises, and the proceeds arising therefrom applied to the payment of the mortgage. It was not, however, sufficient to pay the notes in full, and $100 of the proceeds of the sale of the property in question was used for that purpose. The jury evidently found either that plaintiff, through his agent, waived his lien upon the property in question, or that he was estopped, by reason of the transactions and

conduct of his agent, to assert a lien thereon. There is evidence to sustain this finding, and we cannot interfere therewith.

VII. The court refused to give several instructions requested by counsel for plaintiff. It is unnecessary for us to consider each of these instructions in detail. Suffice it to say that, in our opinion, all except the one

7. TRIAL: instructions: applicability to evidence: limiting evidence.

numbered 8 were properly refused by the court. The eighth requested instruction might well have been given. It sought properly to limit the evidence of certain conversations between Leclere and Lanam to the question of Leclere's agency. The instruction should have been given; but, as the evidence referred to necessarily related to the question of agency, and, if considered at all by the jury, could not have been given weight upon any other question, it is apparent that the refusal to give the instruction was without prejudice.

Some of the requested instructions were argumentative in character; others were not applicable to the facts, and tended to unduly limit the jury in its consideration of the evidence. The charge, as a whole, fairly submitted the case to the jury, and the verdict has support in the evidence.

As we find no reversible error in the record, the judgment of the court below is—*Affirmed.*

PRESTON, C. J., LADD and GAYNOR, JJ., concur.