Jones, J.
The judgment rendered by the court of appeals in this case was found to be in conflict with a judgment pronounced by the court of appeals of the fourth district, sitting by assignment in Cuyahoga county, in the case of Cuyahoga Lumber Co. v. Shibilla, Admr. In the Shibilla case a verdict in the sum of $7,500 was awarded, and the administrator agreeing to accept a remittitur of $3,500, the trial court entered a judgment for the sum of $4,-000. The court of appeals finding that the judgment of $4,000 was still excessive, and against the weight of the evidence, reversed the reduced judg *390 ment on the authority of Toledo Rys. & Light Co. v. Paulin, 93 Ohio St., 396, and remanded the case to the trial court for further proceedings. Thereupon the administrator filed his motion to certify the case here. On May 3, 1920, this court overruled the motion to certify.
It will appear that the finding of the appellate court as to excess in the instant case is substantially similar to that taken in the Shibilla case, and, if our action was then correct in denying the motion to certify, a reversal would necessarily follow in this case. However, since a conflict has appeared in two separate courts of appeals it has been deemed advisable to pass, in a reported case, upon the legal questions involved.
Claim is made that since the jury have fixed the amount of damage it is not within the province of either the trial or reviewing court to review the amount of the verdict, since this would be the substitution of the judgment of the court for that of the jury. It is within the common knowledge of the legal profession that heretofore trial and reviewing courts have exercised their prerogative of ascertaining whether the damages allowed by the jury are excessive in amount. The power of evidential review has always been exercised not only in this state but elsewhere. In actions for wrongful death the amount of pecuniary injuries sustained is an issuable fact. The administrator could not have brought this action except by favor of Section 10772, General Code, which authorizes damages to be given for the benefit of beneficiaries in proportion to the pecuniary injury resulting from death.
*391 It has been held that the pecuniary injury must be ascertained by the jury from proofs in the case, and is limited to pecuniary compensation only, Steel, Admr., v. Kurtz, 28 Ohio St., 191; that the reasonable expectation of what the next of kin might receive from the deceased had he lived is a proper subject for consideration by the jury in determining such pecuniary injury, Grotenkemper v. Harris, Admr., 25 Ohio St., 310.
It can readily be seen that various factors may arise in the determination of damages in cases of this character. These are exemplified in the charge given and approved in Grotenkemper v. Harris, supra. The proofs sustaining damage must necessarily require the consideration of both court and jury. If not admitted but denied, the amount of pecuniary injury necessarily must be determined from evidence peculiar to each case. When a court finds that the damages are excessive it can only determine that fact from the weight or sufficiency of the evidence; and if the judges of the court of appeals unanimously agree that such damages are excessive it becomes the duty of that court to reverse and remand for new trial, or it may affirm in case a remittitur is consented to by the party obtaining the verdict. In this respect, the power of the court of appeals to award new trial is as plenary as that of the trial court. We can easily conceive of a case founded upon negligence where the defendant may concede the issues made by the petition except that of pecuniary injury sustained. In such event damages become the only issue in the case, and a judgment rendered thereon by the trial court may not only be reviewed under the procedure provided by *392 statute but also under tbe explicit provisions of Section 6, Article IV, of' our Constitution, which gives to the court of appeals the right “to review, affirm, modify or reverse the judgments” of lower courts. In the instant case the court of appeals judges having found that the reduced judgment of $4,000 was still excessive, they could do so only by an examination of the record before them; and having deduced such finding from the evidence it became the duty of that court, if the finding was unanimous, to remand the case for a new trial, unless a further remittitur was required and consented to.
Section 11576, General Code, provides that a new trial may be granted for various reasons, among others: “4. Excessive damages, appearing to have been given under the influence of passion and prejudice. * * * 6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law.”
Counsel for defendant in error argues, since the legislature has covered the field of damages in Section 11576, General Code, and by subdivision 4 thereof has expressly limited the granting of new trials for “excessive damages, appearing to have been given under the influence of passion and prejudice,” that under the maxim, expressio umius est exclusio alterius, the courts are limited to that subdivision and may not grant a new trial unless passion or prejudice appear; that the legislature having dealt with damages in subdivision 4 presumably exhausted the subject. If this argument holds, then a court may not reverse for excessive damages in any case, whether sounding in contract or tort. The same argument was made but failed to convince the court *393 in Toledo Rys. & Light Co. v. Mason, 81 Ohio St., 463. That was a suit fór personal injuries, where it was insisted that damages were inadequate.' This court held that inadequacy .of damages was a cause for new trial in an action for personal injury, notwithstanding subdivision 5 appeared to limit new trials to action upon contract or for injury or detention to property. And it was expressly held in the second syllabus that inadequacy of damages was reversible under subdivision '6, on the ground that the verdict was “not sustained by sufficient evidence,” and in the opening of the opinion (when the new trial statute was the same as now) it was stated: “The doctrine now generally accepted is, that the verdict of a jury is subject to the supervision of the court whether too large or too small.” This principle is sustained by the later case of Toledo Railways & Light Co. v. Paulin, 93 Ohio St., 396, a suit •for personal injuries, where the complaint made was that the damages were excessive. This court held that where the reviewing court found that such a verdict was not supported by the w;eight of the evidence, and therefore excessive, it should not modify but reverse. Since but two judges of the court of appeals found the damages excessive, this court affirmed the judgment of the court of appeals, which held that it had “no power to reverse” or “require a remittitur of any part of said judgment, except by the concurrence of all the judges of said court.” We therefore hold that the right and authority of a reviewing court to weigh evidence in passing upon a trial court’s action on a motion for a new trial grounded on subdivision 6 of Section 11576, General Code, are not limited or restricted by reason of *394 the fact that the motion is also grounded on subdivision 4 of the same section. A reviewing court having the power and authority to reverse on the weight of the evidence, finding the judgment and verdict excessive but not the result of passion or prejudice, may reverse if the judgment and verdict are not sustained by sufficient evidence.
, As will appear from the entry of the court of appeals, it not only found the amount of the verdict excessive, but that the reduced amount of $4,000 was also excessive. However, it considered that it could “not reverse said judgment either on the ground that it is excessive or that it is not sustained by sufficient evidence unless it finds that the excessive damages appear to have been given under the influence of passion or prejudice.”
The authority of an appellate court to affirm a judgment of the trial court for damages in personal injury cases, where a remittitur has been required by the latter, is generally recognized in this country, as may be seen from the large number of cases cited in support of that principle. (4 Corpus Juris, 1139, Section 3139.) The authority of an appellate court to require a further additional remittitur is recognizable elsewhere, as shown by the following text: “Where plaintiff has entered a remittitur in the trial court of part of the recovery, but has failed to remit enough, the appellate court may allow or require a further remittitur as a condition of affirmance.” 4 Corpus Juris., 1143, Section 3146; Freeman v. Ortiz, 136 S. W. Rep., 113, and Hoger v. Hart, 159 Iowa, 234.
If the verdict was given under the influence of passion or prejudice, neither the trial court nor a *395 reviewing court could require a remittitur. In that event no power exists in either but to reverse unconditionally. This principle is announced by Matthias, J., on page 401 of the Paulin case, supra: “If the verdict is found to. be excessive, appearing to have been induced by passion or prejudice, it is the duty of the reviewing court to reverse and remand for a new trial.” This statement is generally recognized in this country as the true rule to be applied, as shown by text-book and authority. But it may not be amiss to note the distinction made between the exercise of power to reverse verdict's showing prejudice. or passion and verdicts that are found to be merely excessive. The following case3 are authority sustaining remission of amount when verdicts are excessive, but requiring a rejection of the verdict where it appears to have been induced by passion or prejudice. Stafford v. Pawtucket Hair-cloth Co., 2 Cliff., 82; Kelly v. Commonwealth Electric Co., 167 Ill. App., 210; Steinbuchel v. Wright, 43 Kans., 307, and Arkansas Valley Land and Cattle Co. v. Mann, 130 U. S., 69, 74.
In the Pawtucket case, supra, the following statement appears: “Where damages awarded by a jury are excessive, the error may in many cases, and under most circumstances, be obviated by remitting the amount of the excess; but where the circumstances clearly indicate that the jury were influenced by prejudice, or by reckless disregard of the instructions of the court, that remedy cannot be allowed.”
In the Mann case, supra, Mr. Justice Harlan of the United States supreme court quoted approvingly the language of Mr. Justice Clifford in the Pmvtucket case, and in the course of his opinion said *396 that in case the jury were governed by passion in finding their verdict or had deliberately disregarded facts that made for the defendant it became the duty of the court to set aside the verdict as one not fit to be the basis of a judgment. Said he, page 75: “Undoubtedly, if such had been the view which the court entertained of the motives or conduct of the jury, it would have been in accordance with safe practice to set aside the verdict and submit the case to another jury.”
The United States supreme court approved this procedure which was also sustained by the same court in Northern Pacific Rd. Co. v. Herbert, 116 U. S., 642. In both federal court eases the point was also made that the requirement of a remittitur for part of the damages was in effect the substitution of the judgment of the court for that of the jury, and in that respect deprived the defendant of his constitutional right to have a jury pass upon the question of damages. However, that tribunal held that-the exercise, of this power was inherent in the court and was not an impairment of the constitutional right of a trial by jury.
While it may be conceded that the power of a court to remit may be exercised where it can determine with reasonable exactness what the verdict should be, or where the excess is susceptible of computation, as in contract or other cases where property values are involved, it. is argued that the power does not exist where the damage may not be measured by a fixed standard or determined with exactness. .....
, The general rule relating to this subject, adopted by the various jurisdictions of this country,-is as *397 follows: “It is the practice to permit a- remittitur where • the verdict is excessive -whether the excess is susceptible of computation or not, and this is the more general rule.” 20 Ruling Case Law, 317, Section 100, citing a large number of authorities.
In Ohio this power to require remittitur, where passion or prejudice does not appear, has always been exercised, as it has been in other states of the Union, and it has never been challenged before this court in any reported case. Gila Valley, G. & N. Ry. Co. v. Hall, 232 U. S., 94, was a personal injury case, where a judgment of $5,000 was entered after a verdict for $10,000 was reduced by consent of the plaintiff; and the same argument was there made as is urged here, as shown by the opinion of Mr. Justice Pitney, at page 103, where he said that the argument was made “that an excessive verdict may not be cured by a remitter where the amount of the damages cannot be measured by any fixed standard or determined with certainty; that a verdict so excessive is conclusive evidence that it was the product of prejudice. on the part of the jury, and that this vice goes to the entire verdict, and not merely to the excess.” While the justice alluded to the fact that the Arizona civil code empowered such a remittitur, he said that the United States supreme court had theretofore held that the power existed “without the sa/nction of a statute.”
No doubt a court, trial or appellate, may dislike placing upon its journals an entry stamping the verdict of a jury as one given under the influence of passion or prejudice; it is infrequently done, and occasionally not done where the amount of the verdict and the "evidence offered justify such' an entry.
*398 I have not discussed the claim announced in one of the dissenting opinions in this case, denying exercise of the judicial prerogative to remit or reverse because of the alleged limitation found in Section 19a, Article I, of the Ohio Constitution. That question was neither urged nor presented by any of the counsel in this case. It was presented in Kennedy, Admr., v. Byers, to be announced as of. the next term (107 Ohio St., —), but in that case no member of this court concurred in the views expressed, upon that feature, in the dissenting opinion.
In the instant case the court of appeals found affirmatively that no part of the verdict or judgment was the result of passion or prejudice, but affirmatively found that both the verdict and reduced judgment were excessive. Having so found it became the duty of the court of appeals to remand the case for a new trial. The judgments of the lower courts are reversed, and the cause remanded to the trial court for further proceedings according to law.

Judgment reversed.

Marshall, C. J., Robinson and Clark, JJ., concur.
Matthias, J., concurs in propositions 1, 2, 3 and 5 of the syllabus and in the judgment.
Hough, J., concurs in propositions 2 and 3 of the syllabus, but dissents from the judgment.
Wanamaker, J., dissents.