L. A. ANDREW, Receiver, Appellant, v. C. H. KOLSRUD, Appellee.

No. 42060.

APRIL 3, 1934.

C. N. Houck and J. A. Nelson, for appellant.

E. P. Shea, for appellee.

ALBERT, J. ▉ We are not favored with a brief and argument on the part of the appellee herein, and can only reach a conclusion as to his theory and contentions in the case from what is shown in the record before us.

Reed & Lennon were partners in the automobile and garage business both before and after the year 1930. In May of that year, they sold an automobile to the appellee Kolsrud, taking in an old car at an allowance of $140, and Kolsrud's note for the balance of the purchase price, $525. This note was dated May 31, 1930, and was due and payable May 31, 1931. The note was the usual promissory note and contained also a conditional sales contract, but as no question was raised as to the negotiability of the same, we will treat it as a promissory note. After execution of the note, Reed & Lennon transferred the same to the Winneshiek County State Bank, by indorsement, which bank went into the hands of a receiver in January, 1932, and the receiver asks judgment on this note for its face, plus interest.

The appellee filed answer, pleading payment, and alleging that there was an implied agency existing between the bank and Reed & Lennon, under which Reed & Lennon were authorized to make collections on the notes which they had indorsed to said bank.

The evidence in the case conclusively shows that as a part of the transaction between Reed & Lennon and the appellee Kolsrud, it was agreed that Kolsrud was to pay $40 a month to apply on said note, and that he had complied with this agreement and made such payments and paid the amount due on the note to Reed & Lennon; the last payment being made on September 15, 1931. The question left, therefore, before the court was whether or not Reed & Lennon were the agents of the appellant in receiving these various payments.

The jury could have found from the record of a number of years of transactions between the Winneshiek County State Bank and Reed & Lennon: (1) that in the course of business, Reed & Lennon, when they took notes in their business, indorsed the same to the Winneshiek County State Bank; (2) that in September, 1926, an arrangement was made between the bank and the partnership by which it was agreed that Reed & Lennon should deposit in a sep-

arate account (referred to in the record as the collateral account) in the Winneshiek County State Bank $1,000, which was to be held in said account as security to the bank for protection of said bank on notes sold and discounted by the partnership to said bank and also as security for payments which would be made directly to the firm of Reed & Lennon after the notes were turned over to said bank. In 1928 this account was increased by the deposit of $929.

The evidence shows that the method of doing business of Reed & Lennon was to make collections on these various notes that were thus transferred to said bank, and at the end of each month they reported and turned in to the bank the amounts thus collected on the various notes held by the bank, and the same were by the bank credited on the notes, or, if any note was paid in full, such note was turned back to Reed & Lennon. This seems to have been the course of business between the parties and said bank during the years involved.

When the bank closed, the general deposit account of Reed & Lennon was overdrawn in the sum of approximately $3,100, and the collateral account had to its credit something over $2,500. The receiver of the bank appropriated the amount of the collateral account and credited it to the general account.

There is no doubt under the evidence as to the fact that the bank knew that Reed & Lennon were making collections on these notes and turning the proceeds thus collected to the bank. Two of the officers of the bank testified, and their testimony largely confirms the testimony of Lennon and his employee, that this was the way this business was carried on. The most that the officers of the bank testify is that they say:

"We did not recognize them (Reed & Lennon) as our agents in collecting on these notes," although one of the officers says: "We allowed Reed & Lennon to go ahead and make collections on the notes sold to the bank."

We have not stated all the testimony in the case, but it is our conclusion that the question of whether or not the appellee has established the implied agency pleaded was a question of fact for the jury. We say this having in mind the well-known rule that one who pays a note, without knowing that the person to whom he pays the same has possession of the note, pays at his peril.

The fundamental rule of evidence in the law of agency is stated in 21 R. C. L. p. 820, sec. 6:

"And, notwithstanding the alleged principal and agent are the only witnesses called, and that they both categorically deny the existence of the relation, the jury have the right to weigh and consider the whole of the evidence and the fair and reasonable inferences that might be drawn therefrom, and they may be entirely justified in disregarding the 'yes or no' answers and in reaching the conclusion that the evidence as a whole is sufficient to prove the relation of agency to exist."

Agency is ordinarily a question of fact. Hubbard v. Wallace Co., 201 Iowa 1143, 208 N. W. 730, 45 A. L. R. 1065; Hoger v. Hart, 159 Iowa 234, 140 N. W. 356; Strasberger v. Farmers Elevator Co., 184 Iowa 66, 167 N. W. 184. In Gough v. Loomis, 123 Iowa 642, 99 N. W. 295, this court held that agency is a mixed question of law and fact.

We think, under the record as made in this case, that whether or not an implied agency existed herein was a question of fact for the jury, and the court submitted the same under instructions, one of which, however, is attacked as being unsound. An instruction was given, designated as No. 6, which in substance told the jury that:

"An agency may be created by implication. It must be based on facts for which the principal is responsible. It is a question of fact, to be determined by the facts and the reasonable inferences to be drawn therefrom. The authority need not be expressly conferred, and in many cases it is informally conferred, or is inferred from the acts and conduct of the principal. The important thing is to find the assent of the principal, either express or implied."

The assault made on this instruction is, first, that it submits a question of implied agency when the pleading attempted to set up an express agency. We have read the pleading, however, and do not find that this charge is available to the appellant. The pleading sets up the facts and alleges that Reed & Lennon were the agents of the bank for the purpose of collecting this note. Under the pleading all the appellant had to do to meet this allegation was to prove that an agency existed. It might be either express or implied, and proof of either kind would sustain the allegation of agency. Implied agency, if proven, is an actual agency, and proof under a general

allegation of agency of either an express or implied agency would sustain the allegation.

■ The instruction is also attacked on the ground that it failed to require knowledge on the part of all the parties setting up the agency as a defense of any acts or conduct on the part of the claimed principal, leaving him to rely on such acts and conduct as creating an agency. Counsel fail to distinguish the difference between a case where a claim is made that a certain party was an agent, and the claim that a third party believed, acted, and relied upon the conduct of the principal. The latter claim, of course, would be on the theory of an agency by estoppel. The two are distinguishable. An implied agency is an actual agency, and is a fact to be proved by deductions or inferences from other facts.

" * * * while in a strict sense agency by estoppel should be restricted to cases in which the authority is not real but apparent.

"As to third persons the principal is equally liable in the case of implied agency and agency by estoppel, although this distinction is to be noted, that agency by estoppel can be invoked only when the third person knew and relied on the conduct of the principal, while in cases of true implied agency he need have had no knowledge of the principal's acts, nor have relied on the same; the agent by implied authority being an actual agent, the principal is liable for his acts the same as though the authority had been express." 2 C. J. p. 444, sec. 42.

Our conclusion is, therefore, that under the record in this case there was a question for the jury and that it was submitted under proper instructions, and the jury having found for the appellee, we find no error in the record, and the case is affirmed.—Affirmed.

CLAUSSEN, C. J., and KINDIG, EVANS, and DONEGAN, JJ., concur.